## INDUSTRIAL COMMISSION v WHEELAY

Ohio Appeals, 2nd Dist, Franklin Co

No 2249. Decided Oct 21, 1932

Gilbert Bettman, Attorney General, Columbus, Donald J. Hoskins, Prosecuting Attorney, Columbus, and James H. Davis, Columbus, for plaintiff in error.

Cowan, Adams & Adams, Columbus, for defendant in error.

ALLREAD, J.

Two propositions are made as to the sufficiency of the evidence. One is as to whether the evidence shows that Mary Wheelay was married to a former husband under the laws of the state of Pennsylvania either by a record or common law marriage, and whether she was divorced from said marriage. It is true that Mary Wheelay does not testify that there was a record mar-

iage, but we think her testimony is sufficient to show that there was either a common law or record marriage. It does not appear that there was any question as to the truthfulness or candor of Mary Wheelay in testifying upon this subject. No demand was made by counsel for proof of the record evidence, nor is there any question made as to the testimony tending to prove a common law marriage. (The presumption of the law in the absence of proof to the contrary is that the laws of a foreign state are similar to those of Ohio. **Erie Ry. Co. v Welch, 89 Oh St, 81; Mendelssohn v Mendelssohn, 123 Oh St, 11.** Counsel for plaintiff in error cite the case of **Industrial Commission v Dell, Exrs., 104 Oh St, 389.** That case is different from the case under consideration. There both alleged widows were parties and each widow was a claimant to the fund arising from the death of the workman. Here the question raised is incidental to the main issues. The evidence on this issue was taken without exception and shows a marriage and divorce. This if taken at its face value is sufficient to prove the character of the claimant below. We see no reason to question the sufficiency of the evidence. We think there was evidence sufficient to support the judgment as to the marriage and divorce.

Upon the issue as to the sufficiency of the evidence to support the judgment that the death of Wheelay was due to or hastened by the injury, the case is not clear or beyond peradventure. Plaintiff in his brief makes the following statement:

"Record shows that on June 28, 1926, a jack slipped from under a car; that the handle flew up and hit Wheelay on the shoulder and glanced off and hit him on the side of the head; that he complained of his arm and eye; that he did not work for his employer after that (testimony of Howard Lynn); that he later lost the sight of the eye and The Industrial Commission awarded him compensation for the loss of the eye, recognizing that it resulted from the above injury; that after the injury he went to pieces, was very nervous and had crazy spells; that before the injury he was healthy and strong and all right (testimony of Mary Porter); that he never was able to work after the injury; that his arm seemed paralyzed; that he raged with his head and eye; that he couldn't sleep; that he always suffered with pain (Mary Wheelay's testimony); that before the injury he was a fine looking man; that after the injury he didn't seem the same; that he look-

ed awful bad; that he was always complaining (Mamie Blanton's testimony); that he died rather suddenly on September 9, 1927, from heart failure."

The evidence of Mary Wheelay corroborates the contention that her husband received the injury, and states circumstances and evidence tending to support the claim that his death was due in some degree to the injury on June 28th, 1926. This testimony of Mary Wheelay is supported by the testimony of Dr. Masters from hypothetical questions indicating that some injury to the skull and brain resulted from the injury of June 28, 1926. Taking the testimony of these two witnesses together, we are of opinion that there was a scintilla of evidence to support the judgment, and upon a review of the entire testimony we reach the conclusion that the judgment of the Court of Common Pleas is not against the weight of the evidence. We are therefore of opinion that the judgment of the Court of Common Pleas should be affirmed.

HORNBECK and KUNKLE, JJ, concur.